**In re ESTATE OF Kenneth G. EDSTROM, Deceased.**

**No. C4–83–1800.**

Court of Appeals of Minnesota.

Dec. 14, 1983.

Robert J. Sorensen, St. Paul, for appellant.

Considered and decided by POPOVICH, C.J., and FOLEY and SEDGWICK, JJ., without oral argument.

## MEMORANDUM OPINION AND ORDER

POPOVICH, Chief Judge.

### FACTS

Lois Blum, petitioner, moves, pursuant to Rule 105, Minn.R.Civ.App.P. for discretionary review of an order by a court-appointed auditor finding the petitioner in constructive contempt and sentencing her to 30 days in jail.

Petitioner was appointed the personal representative of the estate of Kenneth G. Edstrom on May 11, 1981. Approximately two years later, the attorney for the estate advised the court that petitioner may have absconded with all of the estate assets. Petitioner appeared before Gordon G. Moosbrugger, a court-appointed auditor of the estate, on October 20, 1983, to account for her acts as personal representative. Her appearance was mandated by an order to show cause executed by Judge Thomas G. Armstrong, Washington County, requiring her to produce all records concerning the administration of the estate and to disclose her activities in the matter.

Petitioner refused to answer the auditor's questions about whether she had money or other property of the estate in her possession and whether she made any

claim for services rendered to the estate. The basis for her refusal was her assertion of the fifth amendment privilege against self-incrimination.

The auditor found that petitioner's assertion of the fifth amendment constituted a constructive contempt of court. He continued the matter until November 2, 1983, to afford petitioner an opportunity to purge herself of the contempt. On November 2, 1983, he made findings of fact, adjudged the petitioner in contempt of court, and sentenced her to the Washington County Correctional Facility for 30 days. He stayed the order until November 14, 1983, and apparently continued the order pending this petition for discretionary review.

On November 14, 1983, petitioner applied to this court for discretionary review of the auditor's order.

## ANALYSIS

1. We perceive the powers of a court-appointed auditor to be limited by Minn. Stat. 525.121 (1982) which provides:

> The auditor shall have the same power as the court to set hearings, grant adjournments, compel the attendance of witnesses or the production of books, papers, and documents, and to hear all proper evidence relating to such matters. He shall report his findings of fact to the court.

2. We believe the auditor may have exceeded his powers because an auditor does not have specific authority to make his own finding of contempt and sentence confinement in jail.

3. No report of the auditor's findings of fact has been made to the appointing judge who has not had a chance to review the auditor's findings of fact. Until the lower court has itself acted, the petition for discretionary review is premature.

## ORDER

1. The petition for discretionary review is denied.

2. The case is remanded to Gordon C. Moosbrugger, the court appointed auditor, so that he may properly report his findings of fact to the appointing court, for whatever action that court may deem appropriate.

3. Execution of the order of Gordon C. Moosbrugger finding petitioner in contempt of court and sentencing petitioner to confinement for 30 days is hereby stayed.